**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

MERCADO, Adriana
SS# xxx xx 8891                          **Chapter 13**
MERCADO, Wilson                          **Case # 09-20492-JNF**
SS# xxx xx 5520

**ORDER CONFIRMING CHAPTER 13 PLAN**

The Debtor(s) filed an amended Chapter 13 Plan (the "Plan") on July 2, 2010. The Debtor(s) filed a Certificate of Service on July 2, 2010, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $259.00 per month commencing February 1, 2010 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.

3. The effective date of confirmation of the Plan is February 1, 2010. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

Dated: _____                   _____ 12/29/2010
                                         United States Bankruptcy Judge

dmh

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**

**MERCADO, Adriana**
**SS# xxx xx 8891**                          **Chapter 13**
**MERCADO, Wilson**                          **Case # 09-20492-JNF**
**SS# xxx xx 5520**

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

**1.  Modified Secured Claims**

NONE
_____

**2.  Unmodified Secured Claims**

a) <u>Wilshire Credit Corp.</u> is retaining its lien on 832 Summer Street, Lynn, MA.  The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Wilshire Credit Corp.  The Debtor has entered into a Court approved loan modification.
_____

**2.  Administrative Claims**

Peter Kaplan, Esquire shall receive $2,125.00 over 12 months.
_____

**4.  Priority Claims**

NONE
_____

**5.  Unsecured Claims**

The holders of unsecured claims totaling <u>$53,798.36</u> shall receive a dividend of no less than <u>22%.</u>
_____

**6.  Other Pertinent Provisions**